IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ASHLEY MILLER,                          )
                                        )
            Movant,                     )
                                        )
v.                                      )            CIVIL ACTION NO. 2:20-00373
                                        )            (Criminal No. 2:18-00024)
UNITED STATES OF AMERICA,               )
                                        )
            Respondent.                 )

PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Movant Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document No. 91).[1] By Standing Order, this matter was referred to the undersigned for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 93.)

FACTUAL AND PROCEDURAL BACKGROUND

A       Criminal Action No. 2:18-00024:

On April 19, 2018, Movant pled guilty to one count of Possession with Intent to Distribute a Quantity of Methamphetamine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) (Count One); and one count of Carrying a Firearm During a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three). (Criminal Action No. 2:18-00024, Document No. 53 - 55.) A Presentence Investigation Report was prepared. (Id., Document No. 75.) As to Count One, the District Court determined that Movant had a Base Offense Level of 30, and a Total Offense Level of 27, the Court having applied a three-level

---

[1] Because Movant is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b). (Id., p. 13.) As to Count Three, the District Court determined that pursuant to U.S.S.G. § 2K2.4(b) the Guideline sentence for violating 18 U.S.C. § 924(c) was the minimum term of imprisonment required by statute (five years), to be served consecutively to any other term of imprisonment imposed. (Id., Document Nos. 73 and 75.) The District Court sentenced Movant on September 10, 2018, to a 41-month term of imprisonment as to Count One and a 60-month term of imprisonment as to Count Three, to run consecutively. (Id., Document No. 72.) The District Court further imposed a three year term of supervised release and a $200 special assessment. (Id.) Movant did not file a direct appeal.

On July 30, 2021, Movant filed a "Motion for Recommendation Regarding Residential Re-Entry Center and/or Home Confinement Placement." (Id., Document No. 96.) By Memorandum Opinion and Order entered on March 15, 2023, the District Court denied the foregoing Motion. (Id., Document No. 98.)

**B.     Section 2255 Motion:**

On May 29, 2020, Movant, acting *pro se*, filed a Motion to Dismiss pursuant to United States v. Davis, 139 S.Ct. 2319 (2019). (Civil Action 2:20-00373, Document No. 91.) Citing Davis, Johnson, and Dimaya, Movant argues that her Section 924(c) conviction should be dismissed as a violation of the Fifth Amendment. (Id.) Movant explains that Section 924(c) "mandates substantial prison time" and the statute "is too vague to be enforced." (Id.) Finally, Movant acknowledges that the Court may construe her above Motion "as a 28 U.S.C. § 2255 Motion." (Id.) By Order entered on June 2, 2020, United States District Judge Joseph R. Goodwin construed Movant's Motion to Dismiss as a Section 2255 Motion and directed the

Clerk to open a new civil action for the resolution of Defendant's Section 2255 Motion. (Criminal Action No. 2:18-cr-00024, Document No. 92.)

## ANALYSIS

1.      **Timeliness:**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

> (1)      the date on which the judgment of conviction becomes final;
>
> (2)      the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a  motion         by such government action;
>
> (3)      the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)      the date on which the facts supporting the claim or claims   presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255(f).

The Court will first consider the timeliness of Petitioner's Motion under Section 2255(f)(1). Movant's Judgment Order was entered on September 10, 2018, and her sentence became final 14 days later when she did not file a Notice of Appeal (September 24, 2018). On May 29, 2020, approximately eight months after the one-year period expired, Movant filed the instant Motion raising issues challenging her conviction and sentence in Criminal Action No. 2:18-00024. (Civil Action No. 2:20-00373, Document No. 91.) Movant's Motion is clearly

untimely under Section 2255(f)(1). Therefore, Movant's Motion is untimely unless one of Section 2255(f)'s other subsections apply.[2]

Movant appears to argue that Section 2255(f)(3) applies because she is entitled to relief based on a new rule of constitutional law, previously unavailable, made retroactive. Movant appears to rely upon Johnson, Dimaya, and Davis in support of the foregoing. In Johnson v. United States, 576 U.S. 591, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson, 576 U.S. at 593-606, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year " that - - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(ii)(emphasis added). The italicized portion above is known as the ACCA's "residual clause." The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." Id. On April 18, 2016, the United States Supreme Court determined that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, 578 U.S. 120, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

---

[2] Movant presents no arguments supporting a claim that her Motion is timely pursuant to Section 2255(f)(2) or Section 2255(f)(4).

In Sessions v. Dimaya, ___ U.S. ___, 138 S.Ct. 1204, 200 L.Ed.2d 549 (2018), the Supreme Court extended Johnson and determined that the "residual clause" found in 18 U.S.C. § 16(b) of The Immigration and Nationality Act ["INA"] was unconstitutionally vague. The Supreme Court reasoned that the logic of its decision in Johnson, where the ACCA's "residual clause" was determined to be unconstitutionally vague, required the same result when considering the "residual clause" of 18 U.S.C. § 16(b). Id. at 1216. Additionally, the definition of "crime of violence" as contained in Section 16(b) is nearly identical to the definition of "crime of violence" contained in Section 924(c)(3)(B). Thus, the Supreme Court determined in Davis that the "residual clause" of Section 924(c)(3)(B) is also unconstitutionally vague. United States v. Davis, ___ U.S. ___, 139 S.Ct. 2319, 204 L.Ed.2d 757 (2019). The Supreme Court also addressed the Government's argument that Section 924(c)'s vagueness problem could be avoided by applying a case-specific, rather than a categorical, approach. Id. The Supreme Court, however, rejected the Government's request that the Court "abandon the traditional categorical approach and hold that the statute commands a case-specific approach that would look at the defendant's actual conduct in the predicate crime." Id. The Supreme Court determined that Section 924(c)(3)(B), similar to Section 16(b), carries a categorical approach and is unconstitutionally vague. Id.

In the instant case, however, there is no indication that Davis, Dimaya, or Johnson applies to Movant's circumstances. Based upon a review of Movant's underlying criminal case, there is no indication that Movant was sentenced under the "residual clause" of Section 924(e)(2)(B)(ii), Section 16(b), or Section 924(c)(3)(B). Movant was convicted and sentenced under 18 U.S.C. § 924(c)(1)(A). Section 924(c)(1)(A) prohibits the possession of a firearm in furtherance of a

"crime of violence" *or* a drug trafficking crime. Section 924(c)(3) defines "crime of violence" as "an offense that is a felony and – (A) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) that *by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.*" 18 U.S.C. § 924(c)(3)(B)(emphasis added). The italicized portion above is known "residual clause" of Section 924(c)(3). Movant, however, was convicted and sentenced under 18 U.S.C. § 924(c)(1)(A)'s provision pertaining to the use of a firearm during and in relation to a *drug crime*. See United States v. Hare, 820 F.3d 93, 105-06 (4th Cir. 2016)(declining to address the merits of defendant's Johnson claim where defendant was convicted of possessing a firearm in furtherance of a drug trafficking crime). Neither Movant's conviction nor sentence rests upon Section 924(c)'s definition of a "crime of violence." Thus, Davis, Dimaya, and Johnson are inapplicable to the circumstances of Movant's case. The undersigned, therefore, finds that Section 2255(f)(3) is inapplicable as Movant has not established a right newly recognized by the Supreme Court that is retroactively applicable on collateral review. Based on the foregoing, the undersigned finds that Movant's Section 2255 Motion is clearly untimely.

**2.     Equitable Tolling:**

The one-year period of limitation is procedural, not jurisdictional, and therefore may be equitably tolled. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). The Fourth Circuit, however, has held that equitable tolling "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238,

246 (4th Cir. 2003); <u>see also</u> <u>Harris v. Hutchinson</u>, 209 F.3d 325, 329 - 30 (4th Cir.

2000)(equitable tolling should apply only where the petitioner is prevented from asserting his

claim by wrongful conduct of the respondent or where extraordinary circumstances beyond the

petitioner's control make it impossible to file the claim on time). Specially, the Fourth Circuit

stated as follows in <u>Harris</u>, *supra*, at 330:

> 'As a discretionary doctrine that turns on the facts and circumstances of a
> particular case, equitable tolling does not lend itself to bright-line rules.' <u>Fisher v.</u>
> <u>Johnson</u>, 174 F.3d 710, 713 (5th Cir. 1999). The doctrine has been applied in 'two
> generally distinct situations. In the first, the plaintiffs were prevented from
> asserting their claims by some kind of wrongful conduct on the part of the
> defendant. In the second, extraordinary circumstances beyond plaintiffs' control
> made it impossible to file the claims on time.' <u>Alvarez-Machain v. United States</u>,
> 107 F.3d 696, 700 (9th Cir. 1996) (citation omitted). But any invocation of equity
> to relieve the strict application of a statute of limitations must be guarded and
> infrequent, lest circumstances of individualized hardship supplant the rules of
> clearly drafted statutes. To apply equity generously would loose the rule of law to
> whims about the adequacy of excuses, divergent responses to claims of hardship,
> and subjective notions of fair accommodation. We believe, therefore, that any
> resort to equity must be reserved for those rare instances where – due to
> circumstances external to the party's own conduct – it would be unconscionable
> to enforce the limitation period against the party and gross injustice would result.

Ignorance of the law is not a valid basis for equitable tolling. <u>Marsh v. Soares</u>, 223 F.3d 1217,

1220 (10th Cir. 2000)(stating that ignorance of the law, including the existence of AEDPA, is

insufficient to warrant equitable tolling); <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir.

1998)(equitable tolling not justified by the fact that the prisoner did not know about AEDPA

time limitation). Thus, federal courts invoke the doctrine of equitable tolling "only sparingly"

and will not toll a statute of limitations because of "what is at best a garden variety claim of

excusable neglect" on the part of the defendant." <u>Irwin v. Department of Veterans Affairs</u>, 498

U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990). To receive the benefit of equitable

tolling, a Section 2255 movant must demonstrate that circumstances beyond her control or

government misconduct contributed to her inability to file her Section 2255 motion on time. Movant, however, fails to indicate any factor beyond her control that prevented her from presenting her claim in a timely manner. Based upon a thorough review of the record, the undersigned finds no circumstances justifying equitable tolling in this matter. As stated above, ignorance of the law is not a valid basis for equitable tolling. Furthermore, Movant is not entitled to equitable tolling to the extent she claims that only unfavorable precedent existed prior to Johnson, Dimaya, and Davis. See Whiteside v. United States, 775 F.3d 180, 185 (4th Cir. Dec. 19, 2014)("The standard announced in *Holland* . . . focuses not on whether unfavorable precedent would have rendered a timely claim futile, but on whether a factor beyond the defendant's control prevented him from filing within the limitations period at all."). Therefore, Movant is hereby notified in accordance with the Fourth Circuit's decision in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), that the undersigned recommends that her Section 2255 action be dismissed as untimely unless Movant can demonstrate that the Motion was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned respectfully proposes that the Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document No. 91) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Joseph R. Goodwin.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Goodwin, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: April 27, 2023.



Omar J. Aboulhosn
United States Magistrate Judge

9